OPINION
{¶ 1} This matter is before the Court on the Notice of Appeal of Naomi S. Salyer, filed October 2, 2005. Ms. Salyer asserts that she contracted chronic obstructive pulmonary disease due to exposure to dust at her place of work, the UltraM-et Company, and that her claim for workers' compensation benefits was wrongly denied administratively and by the Champaign County Court of Common Pleas. The trial court sustained the Joint Motion for Summary Judgment of Defendants James Conrad, Administrator, Ohio Bureau of Workers' Compensation and the Ultra-Met Company, holding that Appellant failed to undergo a required specialist examination pursuant to Industrial Commission Resolution R96-1-01 and to exhaust her administrative remedies, and that she accordingly was not entitled to participate in the workers' compensation fund. It is from that decision that Ms. Salyer now appeals.
 {¶ 2} Appellate review of a grant of summary judgment is de novo. Coxv. Kettering Medical Center, Montgomery App. No. 20614, 2005-Ohio-5003.
 I {¶ 3} Appellant's assignment of error is as follows:
 {¶ 4} "IT WAS ERROR FOR THE COURT BELOW TO GRANT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT BASED UPON APPELLANT'S FAILURE TO COMPLY WITH INDUSTRIAL COMMISSION RESOLUTION R96-1-01"
 {¶ 5} The Industrial Commission is responsible for the establishment of adjudicatory policy under Chapter 4123 of the Ohio Revised Code. Industrial Commission Resolution 96-1-01 provides in relevant part that "it is the policy of the Industrial Commission that at a minimum the following evidence is necessary to be submitted by the claimant prior to the referral of the claim to the Administrator for an examination by a qualified medical specialist * * *
 {¶ 6} • A written interpretation of x-rays by a certified `B reader.'
a. * *."
 {¶ 7} Appellant did not submit to the Bureau of Workers' Compensation or to the Industrial Commission an x-ray report by a certified B reader, and her claim was denied at all levels on that basis. Appellant argues that Industrial Commission Resolution 96-1-01 is an invalid administrative rule pursuant to R.C. 119.02, which requires the Industrial Commission to comply with certain procedures in promulgating rules and invalidates rules that are promulgated without proper compliance. R.C. 119.01(C) defines an administrative rule as "any rule, regulation, or standard, having a general and uniform operation, adopted, promulgated, and enforced by any agency under the authority of the laws governing such agency * * *."
 {¶ 8} Appellant overlooks R.C. 119.01(A), which provides that "Sections 119.01 to 119.13 of the Revised Code do not apply to actions of the industrial commission or the bureau of workers' compensation under sections 4123.01 to 4123.94 of the Revised Code with respect to all matters of adjudication * * *." Because R.C. 119.02 does not apply to the adoption of Industrial Commission Resolution R96-1-01, any analysis of its uniform application is irrelevant. Appellant's sole assignment of error is overruled, and the judgment of the trial court is affirmed.
Wolff, J. and Grady, J., concur.